PK

**RECEIVED**

JUN 2 7 2016

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

RICHARD HARVEY )
_____ )
_____ )
_____ )
_____ )          CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )
DOMESTIK UNIFORM RENTAL )          16cv6701
_____ )          JUDGE NORGLE
_____ )          MAG. JUDGE MASON
_____ )
(Name of the defendant or defendants) )

**FILED**

7/11/2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is  RICHARD HARVEY  of the

   county of  LAKE  in the state of  ILLINOIS  .

3. The defendant is  DOMESTIC UNIFORM RENTAL , whose

   street address is  4131 N. RAVENSWOOD AVE  ,

   (city) CHICAGO  (county) COOK  (state) ILLINOIS  (ZIP) 60613

   (Defendant's telephone number)  (800) 430 0873

4. The plaintiff sought employment or was employed by the defendant at (street address)

   4131 N. RAVENSWOOD AVE  (city) CHICAGO

   (county) COOK  (state) ILLINOIS  (ZIP code) 60613

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) FEB , (day) 18 , (year) 2015 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check

one box*] ☐ has not ☑ has filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission, on or about

(month) JAN (day) 8TH (year) 2016 .

(ii) ☐ the Illinois Department of Human Rights, on or about

(month) (day) (year) .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

☐    Yes (month)_____ (day)_____ (year) _____

☐    No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

   (i)  Complaint of Employment Discrimination,

     ☐ YES   ☐ NO, but a copy will be filed within 14 days.

   (ii) Final Agency Decision

     ☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐    the United States Equal Employment Opportunity Commission has not issued

     a *Notice of Right to Sue.*

   (b) ☑    the United States Equal Employment Opportunity Commission has issued a

     *Notice of Right to Sue*, which was received by the plaintiff on

     (month) MARCH (day) 31 (year) 2016  a copy of which

     *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐  Age (Age Discrimination Employment Act).

   (b) ☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) [✓] Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) [ ] National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) [ ] Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) [ ] Religion (Title VII of the Civil Rights Act of 1964)

(g) [ ] Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) [ ] failed to hire the plaintiff.

(b) [✓] terminated the plaintiff's employment.

(c) [ ] failed to promote the plaintiff.

(d) [ ] failed to reasonably accommodate the plaintiff's religion.

(e) [✓] failed to reasonably accommodate the plaintiff's disabilities.

(f) [ ] failed to stop harassment;

(g) [✓] retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) [✓] other (specify): DEMOTED AT WORK

4

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

I REQUESTED A MEDICAL LEAVE, IT WAS
GRANTED AND I WAS TERMINATED ONE
DAY BEFORE MY LEAVE BEGAN. (FOR AN
ISSUE THAT MY SUPERIORS KNEW ABOUT AND
DISCIPLINED FOR 5 MONTHS EARLIER.)

_____

14.    **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☐ YES  ☑ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☐   Direct the defendant to re-employ the plaintiff.

(c) ☐   Direct the defendant to promote the plaintiff.

(d) ☐   Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐   Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑   Direct the defendant to (specify): PAY FOR ALL LEGAL
COSTS AND ISSUE "LOST PAY" FROM 7/3·15 TO PRESENT.

5

As well as being reimbursed for the
10 months I had to pay for COBRA benefits.

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages,
liquidated/double damages, front pay, compensatory damages, punitive damages,
prejudgment interest, post-judgment interest, and costs, including reasonable
attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_____

(Plaintiff's name)

RICHARD HARVEY

(Plaintiff's street address)

3209 EZEKIEL AVE

_____

(City) ZION_____ (State) IL (ZIP) 60099

(Plaintiff's telephone number) (847) 542 2353

Date: 6·27·16

6

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Richard Harvey** | From: **Chicago District Office** |
|---|---|
| **C/O Gary Martoccio** | **500 West Madison St** |
| **SPIELBERGER LAW GROUP** | **Suite 2000** |
| **202 S. Hoover Blvd.** | **Chicago, IL 60661** |
| **Tampa, FL 33609** | |

☐    *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2016-01582** | **Jacquelyn Harrison,** **Investigator** | **(312) 869-8140** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Julianne Bowman*      3/31/16

**Julianne Bowman,**
**District Director**
              *(Date Mailed)*

cc:   **Mark Colton**
     **General Counsel**
     **Domestic Uniform Rental**
     **30555 Northwestern Highway**
     **Suite 300**
     **Farmington Hills, MI 48334**



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | 440-2016-01582 |

| Illinois Department of Human Rights | | and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Richard Harvey | (847) 642-2363 | 1/6/84 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 3209 Ezekiel Avenue  Zion, IL 60099 | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Domestic Uniform Rental | 50+ | (773) 525-3200 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 4131 N. Ravenswood Avenue  Chicago, IL 60631 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

**DISCRIMINATION BASED ON (Check appropriate box(es).)**

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest 2/1/14      Latest 7/13/15

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Statement of Harm: I have a disability which DUR was aware of. I requested an accommodation in the form of a brief medical leave due to an upcoming medical procedure that related to my disability. Just two weeks prior to going out on leave, DUR terminated me under pretext.

RECEIVED EEOC

JAN 08 2016

CHICAGO DISTRICT OFFICE

Statement of Discrimination: I believe I have been discriminated against because of disability in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/8/16   [signature]  Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8077
LEGAL FAX: (312) 869-8124

FILE REVIEWS FAX: (312) 869-8077
MEDIATION: (312) 869-8060
HEARINGS FAX: (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 869-8077** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). *Be sure to include your name, address, phone number and EEOC charge number with your request*.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* **Before filing a lawsuit**, but within 90 days of your receipt of the Right to Sue, or

* **After your lawsuit has been filed**. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, **it is recommended that you first review your file** to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent **in its entirety** to the copy service, **and you will be responsible for the cost**. Payment must be made directly to **Aloha Print Group**, which charges 15 cents per page.

(Revised 12/10/15, previous copies obsolete)

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT Northern District of Illinois Eastern Division at Chicago 219 South Dearborn Street Chicago, IL 60604 312-435-5670 | | U.S. DISTRICT COURT Central District of Illinois Urbana Division 201 South Vine Urbana, IL 61801 217-373-5830 | |
|---|---|---|---|
| **Counties** | | **Counties** | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT Northern District of Illinois Western Division at Rockford 211 South Court Street Federal Building Rockford, IL 61101 815-987-4355 | | **Peoria Division** 100 N.E. Monroe Street 135 Federal Building Peoria, IL 61602 309-671-7117 | |
| **Counties** | | **Counties** | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT Southern District of Illinois 750 Missouri Avenue East St. Louis, IL 62201 618-482-0671 and 301 Main Street Benton, IL 62812 618-438-0671 | | **Rock Island Division** 211 19th Street Rock Island, IL 61201 309-793-5778 | |
| **Counties** | | **Counties** | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | **Springfield Division** | |
| Clinton | Monroe | 600 East Monroe Street | |
| Crawford | Perry | Springfield, IL 62701 | |
| Cumberland | Pope | 217-492-4020 | |
| Edwards | Pulaski | | |
| Effingham | Randolph | **Counties** | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |

## **Employee Request for Leave of Absence**

Must be filled out for all leaves of absence in excess of 5 days
For leaves under the FMLA must attach on a separate FMLA request form

Employee Name:     Text Field     Rick Harvev

Employee Address:     Text Field     3209 EZEKIEL AVE ZION IL 60099

Date Leave to Begin:     Dta/Time Feld     7/14/2015

Duration of Leave:     Text Field     until 7/27/2015

Reason for Leave (please provide documentation supporting reason):

Text Field     Medical

Signature of Employee

### **To Be Filled Out by Payroll Department**

Date of Hire:     Date/Time Field     01/01/2011

Unused Sick Days This Year:     Text Field     unsure

Unused Vacation Days This Year:     Text Field     unsure

### **Employer Response**

The above request has been granted for the following period: 7/14-7/27 .After that period you
must report back to work to maintain your employment or request additional time off in writing.
Our records indicate that you are currently in our health insurance program. In order to maintain that

coverage, $0 in Cobra payments must be paid to the company before your leave can be
granted.

Additional conditions that must be satisfied before the leave may begin:

Text Field     Eligible for FMLA but FMLA
Using available paid time in lieu of unpaid time

Signature:                         Date: Date/Time Field 7/10/15

Text Field     Must present fitness for duty certificate upon return

**You may not engage in other employment while on approved leave.**

# Notice of Eligibility and Rights & Responsibilities
(Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 2/28/2015

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

## [Part A – NOTICE OF ELIGIBILITY]

TO: **Rick Harvey**

Employee

FROM: **Mark Colton**

Employer Representative

DATE: **7/10**

On **7/6**_____, you informed us that you needed leave beginning on **7/14/2015**_____ for:

___ The birth of a child, or placement of a child with you for adoption or foster care;

✓ Your own serious health condition;

___ Because you are needed to care for your ____ spouse; ____child; _____ parent due to his/her serious health condition.

___ Because of a qualifying exigency arising out of the fact that your ____ spouse; ____son or daughter; _____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

___ Because you are the ____ spouse; ____son or daughter; _____ parent; _____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✓ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

___ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

    ___ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
    ___ You have not met the FMLA's hours of service requirement.
    ___ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact **Mark Colton**_____ or view the

FMLA poster located in **Bulletin Board**_____.

## [PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** _____. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

___ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to suport your request ___ is/ ___ is not enclosed.

___ Sufficient documentation to establish the required relationship between you and your family member.

___ Other information needed (such as documentation for military family leave): _____

_____

_____

✓ No additional information requested

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

___ Contact _____ at _____ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

✓ You will be required to use your available paid ✓ sick, ✓ vacation, and/or ✓ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

___ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___ have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

___ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

   ___ the calendar year (January – December).

   ___ a fixed leave year based on _____

   ✓ the 12-month period measured forward from the date of your first FMLA leave usage.

   ___ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
• You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
• If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ✓ sick, ✓ vacation, and/or ✓ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

   ✓ For a copy of conditions applicable to sick/vacation/other leave usage please refer to Leave Policy available at: Office _____

   ___ Applicable conditions for use of paid leave: _____
   _____
   _____
   _____
   _____
   _____

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:**
Mark Colton _____ at 248-737-2000 _____

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.300. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

1929 W. Montrose Ave, Chicago IL 60613

# PRE-OP HISTORY & PHYSICAL

*Patient Name:* Richard Harvey                *Date:* 7/06/15

**Surgery date:** 7/14/15

**Diagnosis:** ® 5th toe hammertoe with recurrent abscess infection

**Procedure:** ® 5th toe Partial toe amputation

**Type of anesthesia:** ☐ Local    ☐ MAC    ☒ General    ☐ Spinal    ☐

☒ H&P within 30 days
☒ EKG
☐ UCG
☐ CBC
☐ _____
☐ _____
☐ _____

Please fax H&P and any labwork you feel appropriate to Illinois Masonic Medical Center - Same Day Surgery at **773.296.7249**.

If you have any questions please call us at 773.528.4700

*Date:* 7/6/15

**Wika Gomez, DPM**

Illinois Department of Employment Security

Appeals - Chicago
33 S State St - 8th Floor
Chicago, IL 60603
Phone: (800) 244-5631 · TTY: (312) 793-3184
www.ides.illinois.gov

|.|l..|l..||..l.|.l.l..||....||..l|.l.|l||..|l..l.l..|l |

RICHARD G. HARVEY
3209 EZEKIEL AVE
ZION, IL 60099

| | |
|---|---|
| Date Mailed: | 09/29/2015 |
| Claimant ID: | 3273316 |
| Docket Number: | 1533087 |
| Appeal Filed Date: | 09/03/2015 |
| Date of Hearing: | 09/28/2015 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

**Claimant Appellant**
RICHARD G. HARVEY
3209 EZEKIEL AVE
ZION, IL 60099

**Employer**
DOMESTIC LINEN SUPPLY CO INC DOMESTIC LINEN
SUPPLY CO INC
c/o EQUIFAX (TALX UCM SERVICES)

Employer's Agent
C/O EQUIFAX (TALX UCM SERVICES)
PO BOX 283
SAINT LOUIS, MO 63166-0283

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. The claimant was represented by an attorney. The employer appeared without a representative. The issue is: Whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact**: The claimant performed services as a general manager and assistant general manager for the employer uniform rental company from January 1, 2011 to July 13, 2015. He was discharged for failing to notify the corporate office of a Wage Garnishment Notice dated January 2, 2015; in violation of the employer's policy governing the same. Upon receiving the Notice at his residence, the claimant provided the copy to his bankruptcy attorney as instructed. He did not notify the employer at the time because he was relying on his attorney to handle all debt collection. In early March of 2015, the claimants then subordinate had confronted him about a phone call he had received concerning the garnishment. At that time, the claimant indicated his attorney was handling the matter. Days later, the regional vice president confronted the claimant about the garnishment. Again, the claimant relayed that his attorney was handling the matter on his behalf. The claimant had no history of discipline for similar offenses.

**Conclusion:** Section 602A of the Illinois Unemployment Insurance Act, 820 ILCS 405/602A, provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees, or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

By defining "misconduct" as such, the legislature intended that individuals discharged for incapacity, inadvertence, negligence or inability to perform assigned tasks should receive unemployment benefits. When an individual's discharge is premised solely on having negligently failed to follow correct procedures, it cannot be said that the discharge was for misconduct. Rather, it is necessary to present competent and credible evidence which tends to show the individual's noncompliance was deliberate and willful.

The preponderance of the evidence did not establish that the claimant intentionally violated a known and reasonable policy or expectation of the employer. In this case, the claimant had filed for bankruptcy and was directing all debt collection matters to his attorney for handling. The claimant did not inform the employer about the garnishment in question because he believed his attorney was managing the issue on his behalf. When confronted by the employer on two occasions, the claimant did not conceal or otherwise provide false information to the employer. Therefore, even assuming the claimant's discharge was for legitimate business reasons, his actions do not constitute the type of misconduct contemplated by the Act: they lack the requisite intent. Accordingly, the claimant was discharged for reasons other than misconduct in connection with the work, and is qualified to receive benefits under Section 602A of the Act.

L11L

APL011L

July 13, 2015

To: Rick Harvey

Re: Termination of Employment

Rick

I was very disappointed to learn of the attached garnishment that was served upon the company during the last year. Instead of notifying our corporate offices of this matter so that Domestic could respond and take steps to protect its interests, as you were required to do, you took advantage of your trusted position as General Manager to intercept and conceal these communications. As a result, the company never responded to the garnishment, and but for the generosity of the garnishing attorney, could have become directly liable for this judgment due to our inaction. The fact that you may or may not have filed for bankruptcy is not an excuse for your actions. You had a conflict of interest and instead of notifying the company of the situation, you took advantage of your position to deprive the company of this information and its opportunity to protect itself. We cannot allow for your employment to continue under these circumstances. You are hereby terminated effective immediately.

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

E-FILED

Vista Medical Center West )
                   Plaintiff)
vs.                  )
        Richard Harvey )     Gen No: 14SC00006427
          Defendant)     Return Date January 02, 2015
and           )
DOMESTIC UNIFORM RENTAL )
             Employer)

## AFFIDAVIT FOR WAGE DEDUCTION ORDER

Vista Medical Center West on oath states:
    1. I believe employer DOMESTIC UNIFORM RENTAL is indebted to the judgment debtor Richard Harvey for
       wages due or to become due. Employer's address is: 4131 N. RAVENSWOOD CHICAGO IL 60613
    2. The last known address of the judgment debtor is 3209 EZEKIEL AVE ZION IL 60099

I request that a summons issue directed to employer and I certify that a copy of the attached Wage Deduction Notice was
mailed to judgment debtor, by first class mail, at his/her last known address prior to the filing of this wage deduction
proceeding.

Attorney Name: DORIAN B LASAINE
Address: 456 FULTON #210
City/Zip: PEORIA IL 61602
Telephone: 3096746331
Email: melissa.l.trammell@gmail.com
Atty. No.: 01585037

Affiant: /s/DORIAN B LASAINE
Under penalty of perjury as provided by law pursuant to 735 ILCS 5/1-
109 the affiant certifies that the statements set forth herein are true and
correct.

## CERTIFICATE OF ATTORNEY OR JUDGMENT CREDITOR

NOTE: Non-Attorneys must also submit a copy of the underlying judgment or a certification by the clerk of the court that
entered the judgment

I, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109
that the following information is true:

    1. Judgment in the above captioned case was entered on the 4th day of November, 2014
    2. The amount of Judgment was:                              $446.35
    3. Allowable costs previously expended:
        a. Initial filing fee                              $101.97
        b. Original and alias summons                $50.00
        c. Filing and summons cost of prior supplementary proceeding   $0.00
    4. Filing and summons cost for this proceeding:          $22.00
    5. Statutory interest due on Judgment from date above:    $3.30
    Total:                                       $623.62
DEDUCT: Total amount paid by or on behalf of the judgment debtor prior to this   $0.00
proceedings
BALANCE DUE JUDGMENT CREDITOR             $623.62
/s/DORIAN B LASAINE
Attorney or Judgment Creditor

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

Vista Medical Center West )
               Plaintiff(s) )
    vs.                 )
            Richard Harvey )      Gen No: 14SC00006427
             Defendant(s) )      Return Date: January 02, 2015
    and               )
DOMESTIC UNIFORM RENTAL )
              Employer )

## INTERROGATORIES/ANSWER TO WAGE DEDUCTION PROCEEDINGS

Employer/Agent: _____, certifies that the following Answer is true and correct to the best of her/his knowledge and belief concerning the property of the judgment debtor:

Debtor Name: _____ Last Four Digits Of Soc. Security No. _____

Do you pay monies to the judgment debtor listed above?     Yes     No
State whether any funds paid to the debtor are for disability, retirement or are in any other way exempt or not subject to a wage deduction Order: _____

One Pay Period equals: _____ day(s) or _____ week(s) or _____ month(s)

## CALCULATION TO DETERMINE AMOUNT OF WITHHOLDING:

A. Gross Wages minus mandatory contributions to pensions or retirement plan is     A. _____
B. METHOD I - 15% of A =     B. _____
    METHOD II
       C. Enter Total FICA, State and Federal Tax and Medicare     C. _____
       D. Subtract C. from A. =     D. _____
       E. Enter Minimum wage per week (45 X federal minimum or IL minimum, whichever is     E. _____
greater)
F. Subtract E from D     F. _____
G. Enter the lesser of Line B or F     G. _____
H. Enter Child Support or other Court Ordered Deduction     H. _____
I. Subtract H from G     I. _____
J. Subtract Employer's Statutory Fee (735 ILCS 5/12-814) 2% of amount     J. _____
    required to be deducted (This sum is charged to Judgment Debtor)
K. Amount to be applied to judgment     K. _____

Line I is the amount to be withheld from employee's paycheck as of the date of service of Summons and not disbursed until further order of Court.

I, the undersigned certify under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure of the Illinois Compiled Statutes that the statements set forth in this instrument are true and correct.

Signature of Employer _____

NOTE: See Instructions on Reverse Side

171-7b (Rev 1/14)

## INSTRUCTIONS

1. Mail a copy of this Answer to all of the following:

    a. The Court at the following address:
       Clerk of the Circuit Court of Lake County
       18 N. County Street
       Waukegan, IL 60085

    b. To the attorney for the Plaintiff. If the Plaintiff is not represented by an attorney, then mail it directly to the Plaintiff.

    c. To the Defendant.

2. You will receive a copy of a Court Order instructing you how to proceed and where to send deducted funds.

Employer/Agent:

Agent Name _____

Employer Name _____

Address _____

_____

Phone _____

Fax _____

171-7b (Rev 1/14)

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
### LAKE COUNTY

E-FILED

Keith Bim

Vista Medical Center West )
              Plaintiff )

vs.                  )
      Richard Harvey )      Gen No. 14SC00006427
          Defendant )     address of employer:
and               )      4131 N. RAVENSWOOD
DOMESTIC UNIFORM RENTAL )     CHICAGO, IL 60613
          Employer )

### WAGE DEDUCTION SUMMONS

To the employer:

**YOU ARE SUMMONED** and required to file answers to the judgment creditor's interrogatories, in the Office of the Clerk of this Court, 18 North County St., Waukegan, Illinois, on or before **January 02, 2015** (21 to 40 days after issuance of summons) However, if this summons is served on you less than 3 days before that date, you must file answers to the interrogatories on or before a new return date, to be set by the court, not less than 21 days after you were served with this summons.

This proceeding applies to non-exempt wages due at the time you were served with this summons and to wages which become due thereafter until the balance due on the judgment is paid.

**IF YOU FAIL TO ANSWER, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.**

FEDERAL AGENCY EMPLOYEES: Effective upon service of this summons and pursuant to 5 USC 552(a), you are to commence to pay over deducted wages to the attorney for the judgment creditor in accordance with 735 ILCS 5/12-808.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than the above date.

WITNESS 12/04/2014 _Keith Brin_

_____
(Clerk of Circuit Court)

By: _____
          (Deputy)

Name DORIAN B LASAINE
Attorney for Vista Medical Center West
Address 456 FULTON #210
City PEORIA , IL 61602
Telephone 309- 674- 6331
Email: melissa.l.trammell@gmail.com

171-149 3/06

I left the office I got a customer to visit. Did u review salary with Dale yet?

Also is he getting a car or car allow like Sean?

We will talk later

Du page dodge is good now. Mike is happy and Adam is going to reply on the group text to let everyone know

You know what Rick I hope so because this bullshit better stops

In the future wreck when I tell you to call me and let me know how something went I expect a call not a fucking text

I will

I fucked up and didn't get dales new hire packet in the box! I'm going to scan it all to Jeffrey but I wanted to give you s heads up first. I'm very sorry I've had a very hectic day

Thank you Farmington will be looking for the file like I told them they would have in the morning like my email stated. And again you let me down. How much longer do you think I should put up with you making me look like an ass?

The way things have been going i'd imagine not very long. I give you my word I'm trying to get us through this slump sir and I my goal is to not let you down but to make you proud.

You have 6 months & from what's been going on that seems fair to me

Call me

' Chris Kyahat

Can you please call Chris Kylie soon as possible